**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Assal Assassi, Esq. (SBN: 274249)
assal@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa CA, 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

(Additional Attorneys on Signature Page)

*Attorneys for Plaintiff,*
Candida Wolcott

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDIDA WOLCOTT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. CANDIDA WOLCOTT ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NISSAN MOTOR ACCEPTANCE CORPORATION ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. *See*

*also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit recently affirmed certification of a TCPA class case similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the harm to Plaintiff occurred in San Bernardino, California, and Defendant is subject to personal jurisdiction in the County of San Bernardino, State of California as it conducts business there.

### PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a California corporation whose primary corporate address is in Dallas, Texas.

11. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).

12. Defendant engages in lease and loan financing for new and used vehicles.

## FACTUAL ALLEGATIONS

13. On or about April 1, 2014, Defendant and/or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in 1839.

14. During the aforementioned telephone call, Plaintiff demanded that Defendant cease telephoning Plaintiff on Plaintiff's cellular telephone number ending in 1839, thereby expressly revoking any consent that may have been in place to receive calls via an automatic telephone dialing system and/or using an artificial or prerecorded voice.

15. Thereafter, on April 1, 2014, Defendant and/or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in 1839 via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. When Plaintiff answered the aforementioned telephone call, a prerecorded message played which advised Plaintiff that all agents are busy and requested that Plaintiff hold the line for an agent to assist her.

18. Thereafter, on April 2, 2014, Plaintiff's counsel, Hartman Law Office, Inc., sent via US Mail to Defendant, a letter demanding that Defendant cease and desist all efforts to contact Plaintiff.

19. Defendant has acknowledged receiving the aforementioned letter sent by Plaintiff's counsel.

20. Thereafter, on April 8, 2014, Defendant and/or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in 1839 via an ATDS as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. When Plaintiff answered the aforementioned telephone call on April 8, 2014, a prerecorded message played which advised Plaintiff that all agents are busy and requested that Plaintiff hold the line for an agent to assist her.

23. Based upon good information and belief, Plaintiff alleges that at the time of the aforementioned telephone call on April 8, 2014, Defendant was in receipt of Plaintiff's counsel's letter dated April 2, 2014.

24. At the time the calls using an ATDS and artificial or prerecorded voice were received by Plaintiff on Plaintiff's cellular telephone, Plaintiff was present in the County of San Bernardino, State of California.

25. Upon information and belief, Defendant was attempting to collect a debt from Plaintiff by means of the autodialed calls and calls using an artificial or prerecorded voice.

26. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

28. As of April 1, 2014, Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone utilizing an ATDS or artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

29. The telephone calls by Defendant, or its agent/s, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

31. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent/s, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional

persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of the Complaint, Defendant or its agent/s initiated any telephonic communications to the Class or sent any artificial or prerecorded voice message to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

   b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and,

   c) Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

37. As a person who received at least one prerecorded voice call utilizing an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class

action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause Of Action
## Negligent Violations Of The Telephone Consumer Protection Act
## 47 U.S.C. § 227 Et Seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 21, 2014

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Assal Assassi__
Assal Assassi
ATTORNEYS FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**HARTMAN LAW OFFICE, INC.**
Jared M. Hartman, Esq. (SBN: 254860)
400 South Melrose Drive, Suite 209
Vista, CA 92081
Telephone: (951) 234-0881
Facsimile: (888)819-8230

**SEMNAR LAW FIRM**
Babak Semnar, Esq. (SBN: 224890)
400 South Melrose Drive, Suite 209
Vista, CA 92801
Telephone: (619) 500-4187
Facsimile: (888) 819-8230